IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MICHAEL E. CLAY and <br> PATRICIA A. CLAY, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )     CV 118-019 <br> ) |
| HORNADY MANUFACTURING <br> COMPANY, | ) <br> ) <br> ) |
| Defendant. | ) |

**O R D E R**

Before the Court are Defendant's Motion to Compel Discovery, (doc. no. 18), and Motion to Exclude Plaintiffs' Expert Witnesses, (doc. no. 16). Defendant's motions are **MOOT** because the parties stipulated to the following during an August 21, 2018 discovery conference. (Doc. no. 16, 18.)

By September 6, 2018, Plaintiffs shall fully respond, without objection, to Defendant's First Interrogatories to Plaintiff Michael Clay served on May 7, 2018, and Defendant's First Request for Production of Documents to Plaintiffs served on May 7, 2018. In addition, while not subject to the Motion to Compel Discovery, Plaintiffs shall also fully respond, without objection, to Defendant's Second Request for Production of Documents to Plaintiffs served on July 12, 2018 (if the requested documents have not already been produced to Dr. Kyle Boone) by September 6, 2018.

Plaintiffs have identified the following retained experts who may offer expert

1

testimony in this case. These experts were deposed in a prior lawsuit between the parties: Dr. Gregory O'Shanick (deposed 3/20/2017), Dawn Osterweil, Ph.D. (deposed 6/28/2017), William Kitzes (deposed 5/22/17) and Greg Danas (deposed 6/8/2017). The parties agree that in lieu of a written report prepared and signed by these expert witnesses pursuant to F.R.C.P. 26(a)(2)(B), Plaintiffs hereby enter into the following Stipulation upon which Defendant and defense counsel can rely:

Plaintiffs stipulate that instead of a F.R.C.P. 26(a)(2)(B) required report and the required content of such report, that the deposition testimony of each of the above listed experts, and any deposition exhibits or other documents that the experts specifically relied upon to support their opinions during their respective depositions, is:

(i) A complete statement of all opinions the witness will express in this case and sets forth fully the basis and reasons for each opinion;

(ii) Contains all the facts or data considered by the witness in forming each opinion they will express in this case;

(iii) Identifies any exhibits that will be used to by the expert to summarize or support each opinion.

In the event these experts have authored any publications since the time of their deposition not disclosed at the time of their deposition, each additional publication shall be disclosed by September 6, 2018. In the event these experts have testified at trial or by deposition in any matter since their depositions were taken in the prior lawsuit, a list of all additional trial or deposition testimony (with style of the case, court and the name of the party who retained the expert) shall be disclosed by September 6, 2018.

Plaintiffs' rebuttal experts, if any, shall be disclosed in the manner required by F.R.C.P. 26 (a)(2)(B) and by September 19, 2018.

Discovery shall be stayed until October 20, 2018, to allow the parties to engage in mediation. By October 20, 2018, parties shall enter a status report informing the Court as to the status of the case and a proposed discovery schedule in the event settlement is not reached.

SO ORDERED this 28th day of August, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA